

# DEPARTMENT OF LAW
## OFFICE OF THE CORPORATION COUNSEL
### CITY OF SYRACUSE, MAYOR BEN WALSH

**Susan R. Katzoff**
Corporation Counsel

**Joseph W. Barry III**
First Assistant
Corporation Counsel

**Lee R. Terry**
Senior Assistant
Corporation Counsel

**Todd M. Long**
Senior Assistant
Corporation Counsel

Catherine E. Carnrike
Meghan E. Ryan
Amanda R. Harrington
John C. Black Jr.
Ramona L. Rabeler
Sarah M. Knickerbocker
Danielle B. Pires
Finney Raju
Patrick J. Parkinson
Danielle R. Smith
Jody A. Mooney
Shannon L. Bausinger

**Department of Law
Office of Corp. Counsel**
233 E. Washington St.
City Hall, Room 300
Syracuse, N.Y. 13202

Office   315 448-8400
Fax       315 448-8381
Email   law@syrgov.net

www.syrgov.net

10 May 2022

VIA ECF

Hon. Glenn T. Suddaby,
Chief United States District Judge
Federal Building and U.S. Courthouse
P.O. Box 7367
Syracuse, New York 13261-7367

   Re: Darnell Williams v. City of Syracuse, et al. (5:22-cv-00067-GTS-ATB)

Dear Judge Suddaby,

I write on Defendants' behalf to request a stay of discovery deadlines pending determination of their motion to dismiss.

Darnell Williams asserts claims for false arrest, malicious prosecution and violations of civil rights brought under 42 U.S.C. § 1983. He alleges he was arrested, tried and ultimately acquitted of the attempted kidnapping of a child. *See generally* Dkt. No. 11, Pl. Am. Compl. Mr. Williams was released on bail and failed to appear at his criminal trial. Dkt. No. 16-2, 50-h Tr. at 13:6-8; 13:9-12; 41:7-21. He apparently hid at the home of his girlfriend, who gave him updates about the trial until he was acquitted. *Id.* at 125:23-126:8; 126:9-11; 127:17-22; 127:23-128:2; 128:3-6; 128:18-22; 128:23-129:2.

Upon receiving a notice of claim, the City conducted a hearing under N.Y. Gen. Mun. § 50-h. At the hearing, Mr. Williams invoked the Fifth Amendment twelve times to avoid answering questions about his absence from trial. The basis of Defendants' motion is that by invoking his privilege against self-incrimination, Plaintiff failed to comply with a condition precedent for pursuing his state-law claims. "[P]laintiff may not assert his Fifth Amendment privilege against self-incrimination to circumvent a jurisdictional prerequisite to the commencement of an action" against a public authority or other New York state government entity. *Guadagni v. New York City Transit Auth*., No. 08-CV-3163 CPS SMG, 2009 WL 205050, at *6 (E.D.N.Y. 2009), aff'd, 387 F. App'x 124 (2d Cir. 2010) (citing N.Y. Gen. Mun. § 50–e).

Under Rule 26 (e), the Court may grant a motion for a stay based on consideration of "the burden of responding to the contemplated discovery," the "strength of the dispositive motion," and "any unfair prejudice which may be suffered by the party seeking to engage in discovery." *Smith v. Wright*, 9:06-CV-00401 FJS, 2011 WL 4902860 at *16 (N.D.N.Y. 2011), report and recommendation adopted, 9:06-CV-401 FJS/DEP, 2011 WL 4458770

*Service of papers or process by facsimile or other electronic method is not acceptable.*

Darnell Williams vs. City of Syracuse                                    10 May 2022
                                                                          Page 2

(N.D.N.Y. 2011). "Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *Deliser v. Miller*, 9:13-CV-0803 GTS/DEP, 2014 WL 4626858, at *9 (N.D.N.Y. 2014) (J. Suddaby). In *Smith*, the court noted the absence of prejudice, given that "[i]ssue has not been joined in the action, and the court has not yet to issue its standard Rule 16 pretrial scheduling order in the case." *Smith,* 2011 WL 4902860, at *16.

Here, Defendants have submitted a motion based on strong legal and policy considerations. Plaintiff will not suffer prejudice from a stay of discovery. The parties have not attended a Rule 16 conference. And a determination of the motion at this stage would help shape the parties' expectations regarding the scope of discovery.

Thus, Defendants respectfully request the Court to issue an Order staying all discovery deadlines and a Rule 16 pretrial scheduling conference until determination of the pending motion.

Respectfully,

/s/ Finney Raju

Finney Raju, Esq.