# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DARNELL WILLIAMS**, <br><br> Plaintiff, <br><br> v. <br><br> **CITY OF SYRACUSE, DETECTIVE KAITLIN HENDERSON, SERGEANT ALEX CAZZOLLI, DETECTIVE MICHAEL SHANNON, and DETECTIVE CHAD PICOTTE**, <br><br> Defendants. | Case No. <br> 5:22-cv-0067 (GTS/ATB) |

# MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..........................................................................................ii

PRELIMINARY STATEMENT ................................................................................... 1

STATEMENT OF FACTS ........................................................................................... 2

ARGUMENT ............................................................................................................... 3

    I.    Attendance at a 50-h hearing is not a condition precent to bringing a state-law claim against a municipal employee.......................................................................... 3

    II.    General Municipal Law § 50-h requires only that a claimant submit to the municipality's demand for an examination, a condition that Plaintiff has met...... 5

    III.    The cases that Defendants principally rely upon are distinguishable from the case at bar.................................................................................................... 7

    IV.    Defendants seek the wrong remedy .............................................................. 10

CONCLUSION.......................................................................................................... 12

i

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Access Capital v. DeCicco,*
   302 A.D.2d 48 (1st Dep't 2002) ................................................................ 11, 12

*Alouette Fashions, Inc. v. Consol. Edison Co.,*
   119 A.D.2d 481 (1st Dept. 1986) ................................................................ 6

*Baxter v. Palmigiano,*
   425 U.S. 308 (1976) ................................................................................... 7

*Bowling v. Nolette,*
   2021 WL 4134733 (N.D.N.Y. 2021)........................................................ 1, 6

*Bradley v. Golphin,*
   2018 U.S. Dist. LEXIS 8245 (E.D.N.Y. 2018)........................................ 3

*Bradley v. O'Hare,*
   2 A.D.2d 436 (1st Dep't 1956) .................................................................. 7

*Chappell v. Chappell,*
   116 A.D. 573 (4th Dep't 1906) ................................................................. 7

*Colon v. Martin,*
   170 A.D.3d 1109 (2d Dep't 2019) ............................................................ 5

*Di Pompo v. City of Beacon Police Dep't,*
   153 A.D.3d 597 (2d Dep't 2017) .............................................................. 9

*Guadagni v. N.Y.C. Transit Auth.,*
   2009 U.S. Dist. LEXIS 6054 (E.D.N.Y. 2009)........................................ 8

*Kemp v. County of Suffolk,*
   61 A.D.3d 937 (2d Dep't 2009) ................................................................ 9

*Lefkowitz v. Turley,*
   414 U.S. 70 (1973) ................................................................................... 7

*Levine v. Bornstein,*
   13 Misc. 2d 161 (Sup. Ct., Kings Cnty. 1958)........................................ 7

*Steinbrecher v. Wapnick,*
   24 N.Y.2d 354 (1969) ............................................................................... 7

**Statutes**

N.Y. Crim. Proc. Law § 30.10(2)(b) ............................................................ 10
N.Y. Gen. Mun. Law § 50-i (1)(c)................................................................ 10
N.Y. Penal Law § 215.57 ............................................................................. 8
N.Y. Public Authorities Law § 1212(2) ....................................................... 8

## PRELIMINARY STATEMENT

Plaintiff, Darnell Williams (hereinafter "Plaintiff" or "Williams"), submits this memorandum of law in opposition to Defendants' motion for an order dismissing all of Plaintiff's state-law claims against Defendant City of Syracuse (hereinafter "the City"), and Defendants Detective Kaitlin Henderson, Sergeant Alex Cazzoli, Detective Michael Shannon, and Detective Chad Picotte (hereinafter, collectively, "the City employees"). Defendants' motion should be denied in its entirety, for two reasons.

First, while Defendants are correct that a plaintiff must appear at a properly noticed 50-h hearing before commencing a state-law action against a municipality, the law does not require, and indeed Defendants do not allege that it requires, that a party attend a 50-h hearing prior to commencing suit against a municipal employee. Indeed, the law is precisely to the contrary. Accordingly, there is no basis for dismissal of Plaintiff's state-law claims *against the City employees.*

Second, Plaintiff complied with New York General Municipal Law § 50-h's condition precedent to bringing a lawsuit *against the City* when he appeared and testified for over three hours at his 50-h hearing as to "the general factual circumstances underlying his notice of claim." *See* Defs.' Mem. Supp. Dismiss 21, ECF No. 16-6 ("The purpose of a 50-h Hearing is 'for a municipal entity to assess the *general factual circumstances* underlying a notice of claim before the claimant ever files a lawsuit.'") (quoting *Bowling v. Nolette*, 2021 WL 4134733, at *7 (N.D.N.Y. 2021)). (emphasis added). Plaintiff is not barred from pursuing his state-

law claims against the City merely because during that lengthy examination he invoked his Fifth Amendment privilege against self-incrimination with respect to a single issue that was tangential to his claim.

## STATEMENT OF FACTS[1]

On July 21, 2021, Plaintiff served a notice of claim against all of the named Defendants herein, as well as two other employees of the Syracuse Police Department. *See* Raju Decl. Ex. B, ECF No. 16-3. On or about August 18, 2021, the City of Syracuse served Plaintiff with a Demand for Examination "to be orally examined under oath concerning the claim you have made *against the City of Syracuse*." *Id.* Ex. C, ECF No. 16-4 (emphasis added). On November 12, 2021, Plaintiff testified at his 50-h hearing for over three hours, answering questions posed by the attorney for the City regarding virtually every aspect of the arrest and prosecution for which he now seeks redress in the instant lawsuit. Claimant invoked his Fifth Amendment privilege against self-incrimination only with respect to questions relating to his whereabouts during the actual trial that was held in connection with the criminal charges initiated against him by Defendants. *See* Defs.' Mem. Supp. Dismiss 16-18, ECF No. 16-6.

---

[1] While Plaintiff strenuously disagrees with Defendants' characterization of his lawsuit as "mainly premised on Defendant Officers' alleged withholding from the District Attorney that Plaintiff has a 'deep Southern drawl' and silver-capped teeth," *see* Defs.' Mem. Supp. Dismiss 3, Plaintiff will limit his Statement of Facts to those facts relevant to the issue of Plaintiff's compliance with General Municipal Law § 50-h.

**ARGUMENT**

**I.     Attendance at a 50-h hearing is not a condition precent to bringing a state-law claim against a municipal employee**

As Defendants correctly note, General Municipal Law Section 50-h provides, in pertinent part, that "'[w]hen a demand for examination has been served as provided in subdivision two of this section no action shall be commenced *against the city, county, town, village, fire district or school district* against which the claim is made unless the claimant has duly complied with such demand for examination….'" *See* ECF No. 16-6 at 9 (citing General Municipal Law Section 50-h) (emphasis added). By its plain language, GML 50-h does not require, nor do Defendants allege that it requires, that a party attend a properly scheduled 50-h hearing as a condition precedent to bringing a lawsuit against an *employee* of a "city, county, town, village, fire district or school district." Indeed, the law is precisely to the contrary.

In *Bradley v. Golphin*, 2018 U.S. Dist. LEXIS 8245 (E.D.N.Y. 2018), the court, in denying a motion to dismiss state-law claims against municipal employees, made clear that, unlike General Municipal Law Section 50-e, which makes service of a notice of claim upon a municipality a condition precedent to bringing a state-law claim against the municipality *or its employees*, General Municipal Law Section 50-h requires a party to attend a properly noticed municipal hearing only prior to bringing a lawsuit *against the municipality*; there is no similar requirement for suing municipal employees.

> Unlike GML § 50-e's notice-of-claim requirement, § 50-h does not refer to claims filed against "officers, appointees

3

and employees" of municipal corporations. *See* N.Y. Gen. Mun. L. § 50-h (referring only to claims filed against "a city, county, town, village, fire district, ambulance district or school district the city," and not to officers and employees); *Gilliard v. City of New York*, No. 10-CV-5187, 2013 U.S. Dist. LEXIS 18180, 2013 WL 521529, at *15 n. 19 (E.D.N.Y. Feb. 11, 2013) (noting that failure to comply with § 50-h "precludes only claims against the City, not employees who are sued in their individual capacities alongside the City"). Defendants' arguments elide the distinction between the claims subject to the requirements of § 50-e and those described in § 50-h. In support, they rely solely on cases that refer to municipal liability. *Maggio v. Palmer*, 810 F. Supp. 50, 51 (E.D.N.Y. 1993) ("[N]o action may be commenced against a *municipality* unless the claimant has duly complied with a timely demand for examination." (emphasis added)); *Marino v. Jonke*, No. 11-CV-430, 2012 U.S. Dist. LEXIS 78661, 2012 WL 1871623, at *9-10 (S.D.N.Y. Mar. 30, 2012) (discussing 50-h requirements only in the context of municipal defendants); *Simon v. City of New York*, No. 09-CV-1302, 2011 U.S. Dist. LEXIS 9515, 2011 WL 317975, at *15 (E.D.N.Y. Jan. 3, 2011), *adopted by* 2011 U.S. Dist. LEXIS 9594, 2011 WL 344757 (E.D.N.Y. Feb. 1, 2011) (discussing only the requirements of bringing a "state law tort claim *against a municipality*" (emphasis added)).

*Id.*, at *10-11.

Here, too, while Defendants' motion ostensibly seeks dismissal of all of Plaintiff's state-law claims against "all defendants," *see* ECF No. 16-6 at 1, 5, 24, Defendants cite no law, and indeed make no arguments, in support of dismissal of any of Plaintiff's claims against the City employees. All of the cases cited by Defendants refer to General Municipal Law 50-h's applicability to municipal liability. Accordingly, Defendants' motion, to the extent it seeks dismissal of any of Plaintiff's state-law claims against the City employees in their individual capacities, must be denied.

4

## II.     General Municipal Law § 50-h requires only that a claimant submit to the municipality's demand for an examination, a condition that Plaintiff has met

While compliance with a properly noticed General Municipal Law § 50-h examination is a requirement of commencing suit against a municipality, Plaintiff has complied with that statute. Section 50-h, which is in derogation of the common law, is to be strictly construed. In strictly construing a statute, courts will not go beyond the clearly expressed provisions of the act." *Colon v. Martin*, 170 A.D.3d 1109, 1111 (2d Dep't 2019) (internal quotation marks and citations omitted). GML § 50-h(1) provides, in pertinent part, that

> Where a claim is filed against a municipality, General Municipal Law § 50-h confers upon that municipality "the right to demand an examination of the claimant relative to the occurrence and extent of the injuries or damages for which claim is made." *Id*. "Where a demand for examination has been served…no action shall be commenced against the city, county, town, village, fire district or school district against which the claim is made unless the claimant has duly complied *with such demand* for examination.

*Id*. (emphasis added). GML § 50-h therefore dictates that it is whether the claimant submits to the demand for examination, and not whether his answers at the examination are to the full satisfaction of the municipality, that determines whether he has satisfied the condition precedent for suit under GML § 50-h. Indeed, the statute provides only that the claimant may be questioned "relative to the occurrence and extent of the injuries or damages for which claim is made," which has been interpreted to mean that it allows the municipality an opportunity "to assess the *general factual circumstances* underlying a notice of claim before the

5

claimant ever files a lawsuit." *Bowling v. Nolette*, 2021 U.S. Dist. LEXIS 171790, at *22 (N.D.N.Y. 2021) (emphasis added). The statute certainly does not provide as a condition precedent to commencing a lawsuit that the claimant answer questions beyond those he would be required to answer at a full-blown deposition. To the contrary, Section 50-h is more limited in scope than pretrial discovery, since its purpose essentially is to give the municipality an opportunity to assess the general merits of a claim with an eye toward potential early settlement, rather than to prepare fully for trial:

> It must be noted that the initial hearing to which a municipality is entitled pursuant to General Municipal Law § 50-h is not designed to duplicate the broad and comprehensive method of obtaining disclosure provided for in the CPLR. The purpose of the hearing, as a supplement to the notice of claim, is to afford the city an opportunity to early investigate the circumstances surrounding the accident and to explore the merits of the claim, while information is readily available, with a view towards settlement.

*Alouette Fashions, Inc. v. Consol. Edison Co.*, 119 A.D.2d 481, 487 (1st Dept. 1986).

Here, Plaintiff went well beyond giving the municipality the "general factual circumstances" of his claim for the purposes of possible early settlement; for more than three hours he answered hundreds of questions relative to the occurrence and extent of his injuries or damages,[2] while refusing to answer only a handful of questions all related to the singular issue of his whereabouts during the trial of his

---

[2] Defendants' lengthy discussion concerning the purported materiality of questions related to Plaintiff's whereabouts during the trial to the issue of damages is strained, at best.

6

criminal case. As such, Plaintiff satisfied the condition precedent under GML § 50-h.

### III.    The cases that Defendants principally rely upon are distinguishable from the case at bar

Defendants argue that Plaintiff's invocation of his Fifth Amendment right against self-incrimination in response to a handful of questions posed to him invalidates his aforementioned satisfaction of the condition precedent to suit; but the cases to which they cite in support of this notion are inapposite.

As an initial matter, "there is no doubt that a witness in *any* legal proceeding cannot be required to answer questions which will tend to show that he is guilty of a crime," and that such a "privilege applies in civil, as well as criminal cases," including "in an examination before trial." *Levine v. Bornstein*, 13 Misc. 2d 161, 163 (Sup. Ct., Kings Cnty. 1958) (citing *Chappell v. Chappell*, 116 A.D. 573 (4th Dep't 1906) and *Bradley v. O'Hare*, 2 A.D.2d 436 (1st Dep't 1956)) (emphasis added); *see Steinbrecher v. Wapnick*, 24 N.Y.2d 354, 424 (1969) ("[A]n ordinary witness, including a party in a civil suit, does not waive his [Fifth Amendment] privilege by the mere act of testifying."); *see also Baxter v. Palmigiano*, 425 U.S. 308, 316 (1976) (the Fifth Amendment "not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in *future* criminal proceedings.") (quoting *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973) (emphasis added)).

Here, Plaintiff also had a compelling *reason* for invoking his Fifth Amendment privilege with respect to his whereabouts during the trial. Indeed, Defendants' repeated references to Plaintiff's absence from the trial as potentially involving "bail jumping," *see* ECF No. 16-6 at 19, 23, suggest that Defendants are of the view that Plaintiff's answers to that one area of inquiry might expose him to criminal charges. *See* N.Y. Penal Law § 215.57 (failure to "appear personally on the required date or voluntarily within thirty days thereafter… in connection with a charge against him of committing a felony" constitutes bail jumping in the second degree, a class E felony.).

The cases that Defendants cite in support of their argument that Plaintiff's invocation of the Fifth Amendment in response to these questions constitutes a failure to satisfy the condition precedent for suit under GML § 50-h are inapposite. In *Guadagni v. N.Y.C. Transit Auth.*, 2009 U.S. Dist. LEXIS 6054 (E.D.N.Y. 2009), the plaintiff *did not appear* for any examination whatsoever, and attempted merely to justify that failure post hoc by claiming that his Fifth Amendment right against self-incrimination excused his failure to appear. *See id.*, at *15. Noting that "there is no question that an individual is entitled to invoke the privilege against self-incrimination during a civil proceeding," the court ruled that because his failure to submit to examination did not satisfy the plain requirements of N.Y. Public Authorities Law § 1212(2) and GML § 50-e, which the plaintiff did not contest, he could not bring his state tort claim against the Transit Authority. *See id.*, at *16. Here, Plaintiff submitted to the City's demand for examination, and in so doing

complied with exactly that requirement of GML § 50 that the *Guadagni* court found was fatal to the plaintiff's claim.

In *Di Pompo v. City of Beacon Police Dep't*, 153 A.D.3d 597 (2d Dep't 2017), another case in which the plaintiff had criminal charges pending against him, the plaintiff did appear at his examination, but refused to answer certain questions. *See id.* at 598. Unlike here, however, the plaintiff in *Di Pompo* did not expressly invoke his Fifth Amendment right against self-incrimination, and the court found that his failure to properly assert that right disqualified him from asserting that right. *See id.* Moreover, the court did *not* hold that the proper invocation of one's Fifth Amendment right against self-incrimination during a 50-h hearing constitutes a failure to satisfy the condition precedent for suit per se; to the contrary, it held that the refusal to answer on Fifth Amendment grounds merely shifted the onus onto the plaintiff to reschedule his hearing once his pending criminal matter ended:

> Even if the plaintiff had properly asserted his privilege, he was obligated to schedule a new General Municipal Law § 50-h examination after his criminal case ended, but he failed to do so.

*Id.* (citing *Kemp v. County of Suffolk*, 61 A.D.3d 937, 938 (2d Dep't 2009) (holding that the burden to adjourn the hearing transfers from the municipality onto the claimant in such a scenario)).

Here, unlike in both *Guadagni* and *Di Pompo*, Plaintiff's invocation of his Fifth Amendment right against self-incrimination was not related to a pending criminal matter, but instead to circumstances that occurred in April 2021, and for which the criminal charges to which Defendants refer ("bail jumping") potentially

9

could be filed as late as April 2026. *See* N.Y. Crim. Proc. Law § 30.10(2)(b) ("A prosecution for any other felony must be commenced within five years after the commission thereof."). To the extent that the running of that criminal statute of limitations might constitute the "point" at which the burden to schedule a new hearing would shift onto Plaintiff, the civil statute of limitations for Plaintiff's state-law claims would have long since expired. *See* N.Y. Gen. Mun. Law § 50-i (1)(c) (providing that "the action or special proceeding [against the municipality] shall be commenced within one year and ninety days after the happening of the event upon which the claim is based.")

The remainder of Defendants' authorities are dicta or irrelevant to the facts in this case. Defendants cite no other case for the proposition that properly invoking one's Fifth Amendment right against self-incrimination during an examination pursuant to GML § 50-h invalidates an otherwise proper satisfaction of the condition precedent for suit.

## IV. Defendants seek the wrong remedy

Defendants accuse Plaintiff of attempting to use the Fifth Amendment as both shield and sword. In reality, Defendants, ostensibly unsatisfied with the breadth of Plaintiff's testimony at the hearing, seek to use GML § 50-h as both a shield and sword. The enactment of General Municipal Law § 50-h was meant to afford the municipality an opportunity to investigate the notice of claim and determine the merits of the claim before the initiation of litigation, and thereby forestall unnecessary lawsuits. *See* Mem. of The Joint Legis. Comm. on Municipal Tort Liability, Bill Jacket, L. 1958, ch. 393 at 13. Defendants' detailed recitation of

the facts of this case in both of their motions to dismiss suggests that they are quite familiar with the underlying occurrences, at least enough so to have determined whether the case is frivolous or not worth litigating. *See* ECF No. 9-2 at 2-3; ECF No. 16-6 at 6-7. It therefore strains credulity that Defendants "are left scratching their heads," *id.* at 20, based on Plaintiff's invocation of his Fifth Amendment right only with respect to the issue of his whereabouts during the criminal trial.

Put simply, Plaintiff has satisfied the condition precedent for suit based on the express requirements and purpose of GML § 50-h, and he violated no law or statute when he properly exercised a constitutional right to which he is entitled. Still Defendants maintain that there are only three possible remedies at this stage: further amendment of the complaint, an indefinite stay, or dismissal. *See* ECF No. 16-6 at 22. In so arguing, they ignore what seems not only to be the most practical, but also the most appropriate remedy: to continue litigation and discovery. If Defendants consider the information that might hypothetically have been gathered were Plaintiff to have answered the questions at issue during the 50-h hearing absolutely crucial to their defense, they may easily re-ask those questions at a deposition. Perhaps that need would be obviated by discovery prior to examination. If Plaintiff were to continue to invoke his Fifth Amendment privilege—and, in Defendants' estimation, deprive them of or hinder their defense of this lawsuit—Defendants would be entitled to move for appropriate sanctions. *See, e.g., Access Capital v. DeCicco*, 302 A.D.2d 48, 55 (1st Dep't 2002) ("The law is clear that adverse inferences may be drawn against a defendant who invokes the [Fifth

Amendment] privilege in a civil case."). After all, Plaintiff still must prove his case. *See id.* ("The privilege does not relieve the party of the usual evidentiary burden attendant upon a civil proceeding; nor does it afford any protection against the consequences of failing to submit competent evidence.").

With Plaintiff having satisfied the condition precedent to suit under GML § 50-h, and with Defendants' having received more than enough information to satisfy the requirements and purpose of GML § 50-h, the appropriate remedy is not dismissal, but discovery.

## CONCLUSION

For the reasons stated herein, Defendants' motion to dismiss should be denied.

Dated: New York, New York
        May 17, 2022

                    SIVIN, MILLER & ROCHE LLP

                        s/ Edward Sivin
                        Edward Sivin
                        Bar Roll Number: 514765
                        Attorneys for Plaintiff
                        20 Vesey Street, Suite 1400
                        New York, NY 10007
                        Telephone: (212) 349-0300
                        Email: esivin@sivinandmiller.com

12