UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DARNELL WILLIAMS,

                Plaintiff,

v.                                               5:22-CV-0067
                                               (GTS/ATB)

CITY OF SYRACUSE; DETECTIVE KAITLIN
HENDERSON; SERGEANT ALEX CAZZOLLI;
DETECTIVE MICHAEL SHANNON; and
DETECTIVE CHAD PICOTTE,

                Defendants.
_____

APPEARANCES:                                              OF COUNSEL:

SIVIN, MILLER & ROCHE LLP                                 EDWARD SIVIN, ESQ.
 Counsel for Plaintiff                                    CLYDE RASTETTER, ESQ.
20 Vesey Street, Suite 1400                               DAVID ROCHE, ESQ.
New York, NY 10007                                        GLENN D. MILLER, ESQ.

CITY OF SYRACUSE LAW DEPARTMENT                           TODD M. LONG, ESQ.
 Counsel for Defendants                                  DANIELLE R. SMITH, ESQ.
233 East Washington Street, 300 City Hall                 FINNEY RAJU, ESQ
Syracuse, NY 13202

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

       Currently before the Court, in this civil rights action filed by Darnell Williams ("Plaintiff") against The City of Syracuse, Detective Kaitlin Henderson, Sergeant Alex Cazzolli, Detective Michael Shannon, and Detective Chad Picotte ("Defendants"), is Defendants' motion to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  (Dkt. No. 16.)  For the reasons set forth below, Defendants' motion is denied.

1

## I. RELEVANT BACKGROUND

### A. Plaintiff's Amended Complaint

Generally, in his Amended Complaint, Plaintiff alleges that he was wrongfully accused, detained, and tried for Attempted Kidnapping in the Second Degree, Endangering the Welfare of a Child, Menacing in the Second Degree, and Criminal Possession of a Weapon in the Fourth Degree, arising from an alleged attempt to kidnap a nine-year-old girl in the City of Syracuse, New York, on March 2, 2020. (Dkt. No. 11.) Further, after Plaintiff was detained pre-trial for approximately seven months before posting bail on April 28, 2021, he was acquitted, in absentia, of all charges by a jury. (*Id.*) Finally, Plaintiff alleges that Defendants fabricated evidence, misrepresented and withheld information, which wrongfully led to his arrest and deprivation of liberty. (*Id.*)

Based on these allegations, Plaintiff's Amended Complaint asserts the following six claims: (1) a claim of false arrest/imprisonment under New York State law asserted against all individual Defendants and against Defendant City under the doctrine of vicarious liability; (2) a claim of malicious prosecution under New York State law asserted against all individual Defendants and against Defendant City under the doctrine of vicarious liability; (3) a claim of wrongful search and seizure under the Fourth Amendment and 42 U.S.C. § 1983 asserted against all individual Defendants; (4) a claim of denial of the right to fair trial under the Fifth, Sixth and Fourteenth Amendments and 42 U.S.C. § 1983 asserted against all individual Defendants; (5) a claim of failure to intervene under 42 U.S.C. § 1983; and (6) a claim of the wrongful withholding of exculpatory evidence under the Fourteenth Amendment, *Brady v. Maryland*, and 42 U.S.C. § 1983 asserted against all individual Defendants. (*Id.*)

### B. Parties' Briefing on Defendants' Motion

2

1. **Defendants' Memorandum of Law**

Generally, in their motion to dismiss the state law claims of the Amended Complaint, Defendants assert two arguments: (1) Plaintiff's two state-law claims should be dismissed (against both Defendant City and the individual Defendants) because he has failed to satisfy a condition precedent required by N.Y. General Municipal Law Section 50-h and he has failed to allege such compliance as required by Fed. R. Civ. P. 9[c]; and (2) in any event, Plaintiff's two claims against Defendant City should be dismissed because the state-law claims against the individual Defendants on which those two claims are based (under a theory of vicarious liability) should be dismissed for failure to comply with the above-mentioned condition precedent. (Dkt. No. 16, Attach. 6.)

More specifically, in support of their first argument, Defendants argue as follows: (a) compliance with a demand for examination under N.Y. General Municipal Law Section 50-h is a condition precedent to filing state claims against a municipality, because this requirement contains no exception for a plaintiff's invocation of the Fifth Amendment privilege against self-incrimination;[1] (b) soon after the examination had begun, Plaintiff invoked the Fifth Amendment roughly a dozen times to avoid answering questions regarding his non-appearance at his trial in April 2021, - which issue was relevant to, among other things, the extent of his deprivation of liberty giving rise to his claims of malicious prosecution and false imprisonment and the

---

[1] In this regard, Defendants argue that Plaintiff cannot use his Fifth Amendment privilege as both a sword and a shield, depriving Defendant City of a proper defense. (Dkt. No. 16, Attach. 6.) In support of this argument, Defendants cite cases dismissing a plaintiff's state claims against a municipality where the plaintiff had asserted his Fifth Amendment privilege during the case: *Guadagni v. New York City Transit Auth.,* 08-CV-3163, 2009 WL 205050, at *6 (E.D.N.Y. Jan. 27, 2009); *Laverne v. Inc. Vill. of Laurel Hollow,* 18 N.Y.2d 635, 638 (N.Y. 1966); *Di Pompo v. City of Beacon Police Dep't,* 153 A.D.3d 597, 598 (N.Y. App. Div., 2d Dept. 2017). (Dkt. No. 16, Attach. 6.)

corresponding damages from those claims;[2] and (c) Plaintiff may not cure the above-described non-compliance by amending his Amended Complaint or seeking a stay of this action to reschedule the Section 50-h examination until the conclusion of any criminal proceeding against him for non-appearance at trial, because no such charge against him is pending or even anticipated. (*Id.*)

### 2. Plaintiff's Opposition Memorandum of Law

Generally, in opposition to Defendants' motion, Plaintiff asserts four arguments: (1) because compliance with a Section 50-h examination is a condition precedent to bringing a state-law claim against a municipality, not its employees, Defendants' motion to dismiss is relevant to claims made against only Defendant City (2) because the plain language of Section 50-h requires that a plaintiff answer questions "relative to the occurrence and extent of the injuries or damages for which claim is made," and not every question to the full satisfaction of the defendant, Plaintiff satisfied the condition precedent by submitting to more than three hours of questioning during the Section 50-h examination; (3) the cases that Defendants rely on are distinguishable from this case.

### 3. Defendants' Reply Memorandum of Law

Generally, in reply to Plaintiff's opposition, Defendants assert three arguments: (1) Plaintiff is incorrect that compliance with General Municipal Law Section 50-h is a condition precedent to commencing suit against only a municipality (and not also against its individual employees), because state courts declare state law, and here the Fourth Department (in

---

[2] Defendants also argue that Plaintiff's answers are relevant to motive, credibility, and impeachment. (Dkt. No. 16, Attach. 6.)

*Kluczynski v. Zwack*, 170 A.D.3d 1656 [N.Y. App. Div. 4th Dep't 2019]) dismissed a plaintiff's state law claims against individual employees acting in the scope of their duties based on the plaintiff's failure to comply with Section 50-h; (2) the rule set forth in *Kluczynski* reflects sound principles of statutory construction by effectuating the purpose of the statute, which is ascertained by also considering Section 50-e (which requires service of a notice of claim as a condition precedent to filing a state-law claim against not only a municipality but its employees); and (3) Section 50-h does not require that a claimant merely "submit[] to the demand for examination," but that a claimant disclose all relevant information about the claim, except information protected from disclosure by a legitimate excuse. (Dkt. No. 24, Attach. 2.)

## II.  RELEVANT LEGAL STANDARDS

### A. Legal Standard Governing a Motion to Dismiss for Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6)

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d 204, 211 (N.D.N.Y. 2008).

Because such dismissals are often based on the first ground, some elaboration regarding that ground is appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard

5

established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp. 2d at 212 n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp. 2d at 212 n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp. 2d at 212 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp. 2d 203, 213 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp. 2d at 213 n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 560-61, 577. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 555-70. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 555. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (internal quotation marks and citations omitted). However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *Id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.  Similarly,

a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

### B. Legal Standard Governing the Filing of State-Law Claims Against a Municipality

New York State General Municipal Law Section 50 governs the procedure for filing state-law claims against municipalities and its employees. In particular, Section 50-e provides as follows, in pertinent part:

> 1. When service required; time for service; upon whom service required.
>
> > (a) In any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding against a public corporation, as defined in the general construction law, or any officer, appointee or employee thereof, the notice of claim shall comply with and be served in accordance with the provisions of this section within ninety days after the claim arises; except that in wrongful death actions, the ninety days shall run from the appointment of a representative of the decedent's estate.
> >
> > (b) Service of the notice of claim upon an officer, appointee or employee of a public corporation shall not be a condition precedent to the commencement of an action or special proceeding against such person. If an action or special proceeding is commenced against such person, but not against the public corporation, service of the notice of claim upon the public corporation shall be required only if the corporation has a statutory obligation to indemnify such person under this chapter or any other provision of law.

N.Y. Gen. Mun. Law § 50-e(1) ("Notice of claim"). In addition, Section 50-h provides as follows, in pertinent part:

> 1. Wherever a notice of claim is filed against a city, county, town, village, fire district, ambulance district or school district the city, county, town, village, fire district, ambulance district or school district shall have the right to demand an examination of the claimant relative to the occurrence

8

> and extent of the injuries or damages for which claim is made, which examination shall be upon oral questions unless the parties otherwise stipulate and may include a physical examination of the claimant by a duly qualified physician.
>
> . . . .
>
> 5. Where a demand for examination has been served as provided in subdivision two of this section no action shall be commenced against the city, county, town, village, fire district or school district against which the claim is made unless the claimant has duly complied with such demand for examination, which compliance shall be in addition to the requirements of section fifty-e of this chapter.

N.Y. Gen. Mun. Law § 50-h(1),(5) ("Examination of claims").

Under Fed. R. Civ. P. Rule 9(c), "plaintiff may aver generally that all conditions precedent to suit have occurred, and any denial by defendant must be made specifically and with particularity." *Hill v. Citibank Corp.,* 312 F. Supp. 2d 464, 473-74 (S.D.N.Y. 2004). "Once defendant has challenged the condition precedent specifically and with particularity, the burden is on plaintiff to prove that the condition precedent was satisfied." *Citibank Corp.,* 312 F. Supp. 2d at 473-74. As a condition precedent to bringing a state law claim against a municipality, a plaintiff must file a Notice of Claim within ninety days after his claim accrues. N.Y. Gen. Mun. L. § 50-e. After receiving the Notice of Claim, the municipality can demand a 50-h examination to examine "the claimant relative to the occurrence and extent of the injuries or damages for which claim is made." N.Y. Gen. Mun. L.§ 50-h(1).

Generally, an examination under Section 50-h is limited in scope. Its purpose is to allow the defendant the opportunity "to assess the general factual circumstances underlying a notice of claim before the claimant ever files a lawsuit." *Bowling v. Nolette,* 18-CV-0597, 2021 WL 4134733, at *7 (N.D.N.Y. Sept. 10, 2021). The purpose is "not designed to duplicate the broad

9

and comprehensive method of obtaining disclosure provided for in the CPLR." *Alouette Fashions, Inc. v. Consol. Edison Co.*, 119 A.D.2d 481, 487 (N.Y. App. Div., 1st Dept. 1986). "[I]f the claimant fails to appear at the hearing or request an adjournment or postponement," the state law claims cannot proceed against the municipality. N.Y. Gen. Mun. L. § 50-h(5). Notice of Claim requirements are construed strictly and failure to comply ordinally leads to dismal of the state law causes of action. *Hardy v. N.Y. City Health & Hosp. Corp.*, 164 F.3d 789, 793-94 (2d Cir.1999).

### III. ANALYSIS

#### A. Whether N.Y. Gen. Mun. Law Section 50-h Applies to Claims Against Municipal Employees

After carefully considering the matter, the Court answers the question in the negative for the reasons stated in Plaintiff's opposition memorandum of law. *See, supra,* Part I.A.2. of this Decision and Order. To those reasons, the Court adds the following analysis.

Before analyzing the intent of a statute, the Court must first determine whether the statute's plain meaning is ambiguous. Here, based on the plain language of Sections 50-e and 50-h, the former includes the term "any officer, appointee or employee thereof" of the municipality, while the latter does not. The Court has trouble construing this inconsistency as an ambiguity rather than as an intentional choice.[3] Even if this were not the case, the Court would have trouble reading the above-referenced term into Section 50-h, based on the dearth of legislative history or commentary offered by Defendants.

---

[3] For example, although Section 50-h states that its requirements "shall be in addition to the requirements of section fifty-e of this chapter," the Court interprets that statement as requiring merely that the examination-of-claim requirement of Section 50-h must be satisfied even if the notice-of-claim requirement of Section 50-e is satisfied (not that a term explicitly used in Section 50-e be implicitly inserted in Section 50-h).

10

Nothing in the cases cited by the parties changes the Court's hesitancy to find that Section 50-h applies to claims against municipal employees. Generally, the majority of cases hold that claims against municipal employees do not require a Section 50-h hearing, and therefore if a plaintiff failed to comply with Section 50-h, then only his state law claims against the municipality, not the individual employees, should be dismissed. For example, Plaintiff cites *Bradley v. Golphin*, in support of his position that Section 50-h does not apply to claims against municipal employees. *Bradley v. Golphin*, 14-CV-4289, 2018 WL 480754 (E.D.N.Y. Jan. 18, 2018). In *Bradley*, the Eastern District of New York dissected the language of the Section 50-h, directly opined on this matter, and concluded that the legislature was intentional in its omission of employees and officers from the condition precedent. *Bradley*, 2018 WL 480754, at *10-11. Moreover, at least four other district court cases from within the Second Circuit have come to the same conclusion—that the omission of this language was intentional. *Gilliard v. City of New York*, 10-CV-5187, 2013 WL 521529, at *15 (E.D.N.Y. Feb. 11, 2013); *Bird v. Cnty. of Westchester,* 20-CV-10076, 2022 WL 2263794, at *13 (S.D.N.Y. June 23, 2022); *Nolan v. Cnty. of Erie*, 19-CV-01245, 2020 WL 1969329, at *6 (W.D.N.Y. Apr. 24, 2020); *Othman v. City of New York*, 13-CV-0477, 2018 WL 1701930, at *4 (E.D.N.Y. Mar. 31, 2018).

In response, Defendants argues that the issue is controlled by two state court cases that dismissed a claim against municipal employees because of the plaintiff's failure to attend a Section 50-h examination: *Kluczynski v. Zwack*, 170 A.D.3d 1656 (N.Y. App. Div., 4th Dep't 2019); *Ross v. Cnty. of Suffolk,* 84 A.D.3d 775 (N.Y. App. Div., 2nd Dep't 2011). The problem is that, in *Kluczynski v. Zwack,* the Fourth Department merely cited the rule that "a plaintiff who has not complied with General Municipal Law § 50-h (1) is precluded from maintaining an

action against a municipality," and applied it to both a municipality and municipal defendants "who were acting within the scope of their duties as municipal employees." *Kluczynski v. Zwack*, 170 A.D.3d 1656, 1657 (N.Y. App. Div., 4th Dep't 2019).  Setting aside the fact that the individual Defendants in the case before the Court have been sued not merely in their official capacities but also in their individual capacities (Dkt. No. 11, at ¶ 20a [Plf.'s Am. Compl.]), the fact remains that the Fourth Department provided no explanation of why the claims against municipal defendants were included in the dismissal.  Similarly, in *Ross v. Cnty. of Suffolk,* the Second Department provided even less explanation for why it dismissed the claims against the individual defendants (who were not even expressly identified as *municipal* employees).

Defendants also rely on *G.D.S. ex rel. Slade v Northport-E. Northport Union Free Sch. Dist.,* in which the Eastern District of New York dismissed a claim against a school district and its employees for plaintiff's failure to appear for a Section 50-h examination.  *G.D.S. ex rel. Slade v Northport-E. Northport Union Free Sch. Dist*, 915 F. Supp. 2d 268, 281 (E.D.N.Y. 2012).  Contrary to Defendants' assertion, this case actually weakens their position because the Eastern District's rationale for not preserving the claim against individual defendants was that Plaintiff did not sue Defendants in their individual capacities.[4]  Here, Plaintiff expressly did sue Defendants in their individual capacities.[5]

---

[4]  As the Eastern District explained, "The Plaintiff's argument that the notice-of-claim provisions do not apply to the individual Defendants, McDermott and McLaughlin, because some of their actions might have been conducted outside the scope of their employment is unavailing, since his Complaint specifically alleges that "[a]t all relevant time[s], the Defendants who are employees of the School District were acting within the scope of their employment." *G.D.S. ex rel. Slade.,* 915 F. Supp. 2d at 281.

[5]  As the Amended Complaint alleges, "[T]he claims asserted herein against Henderson, Cazzoli, Shannon, and Picotte are brought against these defendants in their individual capacities." (Dkt. No. 11.)

12

For all of these reasons, the Court finds that Section 50-h does not apply to Plaintiff's state-law claims against the individual Defendants.

### B. Whether Plaintiff's Invocation of His Fifth Amendment Privilege Rendered Him Noncompliant with N.Y. Gen. Mun. Law Section 50-h

After carefully considering the matter, the Court answers this question in the negative for the reasons stated in Plaintiff's opposition memorandum of law. *See, supra,* Part I.A.2. of this Decision and Order. To those reasons, the Court adds the following analysis.

Through their motion, Defendants have placed at issue the term "duly complied with" in the following language of Section 50-h: "[N]o action shall be commenced against the city, county, town, village, fire district or school district against which the claim is made unless the claimant has duly complied with such demand for examination, which compliance shall be in addition to the requirements of section fifty-e of this chapter." N.Y. Gen. Mun. Law § 50-h(5).

Defendants argue that "duly complied with" means that the claimant disclosed all relevant information about the claim, except information protected from disclosure by a legitimate excuse. (Dkt. No. 24, Attach. 2.) They argue that Plaintiff was therefore non-compliant with Section 50-h when he invoked his Fifth Amendment rights during questioning about his absence at trial, because his absence is relevant to his state-law claims. Specifically, they argue that both the extent he was deprived of his liberty during trial and the resulting damages from that deprivation are relevant to his claims of malicious prosecution and false arrest/imprisonment.

Plaintiff argues that the Fifth Amendment is viable at all legal proceedings, and all that is required to comply with Section 50-h is attendance at the hearing, not to answer every question

to a defendant's satisfaction. Plaintiff further argues that the proper time for questions regarding his whereabouts during his trial is during the discovery phase.

This Court agrees with Defendants that compliance with Section 50-h requires Plaintiff to both attend the examination and answer relevant questions about his claims. However, just because an answer is relevant to a claim does not mean that it is required at a Section 50-h examination. The First Department explained the distinction eloquently in *Alouette Fashions, Inc. v. Consol. Edison Co.*:

> It must be noted that the initial hearing to which a municipality is entitled pursuant to General Municipal Law § 50-h is not designed to duplicate the broad and comprehensive method of obtaining disclosure provided for in the CPLR. The purpose of the hearing, as a supplement to the notice of claim, is to afford the city an opportunity to early investigate the circumstances surrounding the accident and to explore the merits of the claim, while information is readily available, with a view towards settlement.

*Alouette Fashions, Inc. v. Consol. Edison Co.*, 119 A.D.2d 481, 487 (N.Y. App. Div., 1st Dept. 1986).

The cases relied upon by Defendants (supporting the argument that invoking the Fifth Amendment during a Section 50-h hearing is non-compliant) are easily distinguishable from the case before this Court. In *Di Pompo v. City of Beacon Police Dep't,* the plaintiff refused to answer a particular set of questions, but never invoked his Fifth Amendment rights and his failure to do so during the hearing waived that opportunity. 153 A.D.3d 597 (N.Y. App. Div., 2d Dep't 2017). In *Guadagni v. N.Y.C. Transit Auth.*, the plaintiff altogether failed to attend the Section 50-h examination and attempted to justify his absence by invoking the Fifth Amendment, clearly depriving defendants of a proper defense. *Guadagni v. New York City Transit Auth.,* No. 08-CV-3163, 2009 WL 1910953, at *8 (E.D.N.Y. June 30, 2009).

The purpose of a Section 50-h examination is neither to have every question answer to a defendant's satisfaction, nor is it to duplicate discovery. The purpose is but "to assess the general factual circumstances underlying a notice of claim," and to allow the municipality to investigate and explore the claim's merits. *Bowling*, 2021 WL 4134733, at *7. During the examination, Plaintiff answered Defendants' questions for more than three hours on relevant topics, providing Defendants ample information to "assess the factual circumstances" of plaintiff's claims. He refused to answer a dozen questions on one topic, because of the criminal implications of those answers. Plaintiff's deprivation of liberty during the few days of his trial is not relevant to assessing damages for his state law claims at this stage of litigation. It is beyond the scope and purpose of a Section 50-h hearing.[6] However, an exact damages assessment may be more relevant during the discovery phase (as noted by Plaintiff in his reply memorandum of law).

For all of these reasons, the Court finds that Plaintiff's invocation of his Fifth Amendment privilege did not render him noncompliant with Section 50-h.

**ACCORDINGLY,** it is

**ORDERED** that Defendants' motion to dismiss Plaintiff's Amended Complaint for failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 16) is **DENIED**.

Dated: January 27, 2023
       Syracuse, New York

Glenn T. Suddaby
U.S. District Judge

---

[6] Plaintiff was deprived of his liberty for roughly seven months. The difference in a damages calculation if Plaintiff was able to travel freely during his few days of trial would likely be minimal.